**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____ X

Paul Marsico

                           **Plaintiff**

 -against-

NCO Financial Systems, Inc.

                          **Defendant**
_____ X

Docket No. 12 -6220

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Unlawful Debt Collection Practices

**TRIAL BY JURY DEMANDED**

Plaintiff, by his attorney Joseph Mauro, complaining of the Defendant respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

1. The Defendant is a debt collector who uses automated telephone calling equipment to leave pre-recorded messages on consumers' telephone answering machines' in an attempt to collect alleged debts. Plaintiff brings this action seeking redress for the Defendant's violation of the Plaintiff's privacy rights afforded under the Fair Debt Collection Practices Act. (15 USC 1692 et seq). Plaintiff alleges that Defendant left pre-recorded messages ("robo-calls") on an answering machine at Plaintiff's residence announcing that Defendant was attempting to collect a debt. Messages left on said answering machine are audible to anyone within listening distance of the answering machine at the time the messages are being left. Plaintiff's mother in law was present when Defendant left one such debt collection message, Plaintiff's mother in law heard the

message as it was being left.  This improper disclosure caused the Plaintiff embarrassment and humiliation.

      2. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices; as well as for violations of common law.

      3.      According to 15 U.S.C. 1692:

(a)     There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**. (emphasis added)

(b)     Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)     Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d)     Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)     It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

      4. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

5. Plaintiff, Paul Marsico is a natural person residing in Suffolk County, New York. Plaintiff is a consumer as defined by the FDCPA.

6. Defendant is a debt collection company engaged in the business of collecting debts in this state. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

## IV. FACTUAL ALLEGATIONS

8. Plaintiff repeats paragraphs "1" through "7" as if fully restated herein.

9. The Defendant alleges that the Plaintiff owes a consumer debt (the debt). ("the debt" or "the alleged debt") The alleged debt of Plaintiff is a "debt" as defined by 15 USC 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was for the purchase of personal services and no part of the alleged debt was incurred for business related items or services.

10. At some point unknown to Plaintiff, Defendant alleges to have acquired the legal right to collect the alleged debt. Plaintiff has had no business relationship with Defendant and is not aware of any documents establishing Defendant's alleged right to attempt to collect the alleged debt.

11. Defendant is a debt collection company that uses automated equipment to place telephone calls to alleged debtors.

12. Before calling the Plaintiff, the Defendant was aware that there was a possibility that people other than the Plaintiff may be located within listening distance of the answering machine on which they intended to leave a message.

13. Before calling the Plaintiff, the Defendant knew that there was a risk that any message they left for the Plaintiff would be heard by persons other than the Plaintiff. The Defendant chose to ignore the risk and leave their automated debt collection message.

14. The Defendant used their automated telephone dialing system to call the Plaintiff and leave the messages for the Plaintiff.

15. The Defendant left several messages for the Plaintiff on an answering machine in which they announced that they were a debt collector.

16. The Defendant repeatedly left the following pre-recorded message on an answering machine located in the Plaintiff's residence

*This is an important message from NCO Financial Systems, Inc. The law requires that we notify you that this is a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please call Mack Harris today at 800 -883-0613. Once again that number is 800- 883-0613. Thank you.*

17. On at least one occasion, while Defendant was leaving the above quoted pre-recorded message, the Plaintiff's mother in law was in the room where the answering machine was located. The message that the Defendant left for the Plaintiff was audible to the Plaintiff's mother in law while it was being left. The Plaintiff's mother in law heard the above quoted pre-recorded message. The Plaintiff's mother in law was aware that the message was intended for the Plaintiff as there was nobody other than the Plaintiff at that location that could have owed the alleged debt.

18. The Defendant in effect broadcasted the pre-recorded message repeatedly for anyone that was within listening distance of the answering machine.

19. The Plaintiff was embarrassed and humiliated by the fact that his mother in law listened to the message left by the Defendant.

20. The Defendant's conduct invaded the privacy protections afforded the Plaintiff through the FDCPA.

21. The Defendant had no reason to believe that the Plaintiff was the only person who was within listening distance to the answering machine on which Defendant made their announcements.  And on information and belief, the Defendant did not do anything to determine whether that was the case before making their announcements.

22.  The Plaintiff has never given the Defendant authority to disclose the alleged debt to any person.

23. The Plaintiff has never given Defendant consent to leave messages on the answering machine that Defendant called.

24. It is the regular business practice of the Defendant to leave automated messages for consumer announcing that they are a debt collector.

25. The Defendant has been sued in the past for engaging in this practice, but continues to engage in the practice.

## V. CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

27. Defendant's actions as described herein violated the following provisions of 15 U.S.C Section 1692c(b).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, for the following:

A. Actual damages

B. Statutory damages

C. Costs and reasonable attorney's fees pursuant to the FDCPA;

D. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Joseph Mauro (JM: 8295)
The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

/s/ JOSEPH MAURO
Joseph Mauro